UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA STRAND, an individual,

    Plaintiff,

Case No. 1:25-cv-

v.

FAMILY FARE, LLC d/b/a FOREST HILLS
FOODS, a corporation,

and

KAREN KEY, an individual,

    Defendants.

William F. Piper (P38636)
William F. Piper, PLC.
*Attorney for Plaintiff*
9848 Portage Rd.
Portage, MI 49002
Phone: (269) 321-5008
Fax: (269) 321-5009
wpiper@wpiperlaw.com
legal@wpiperlaw.com

## COMPLAINT

The plaintiff, Christina Strand, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The plaintiff is a naturalized American citizen of African and Caribbean descent with dark skin who lives in the County of Kent, State of Michigan, and she resided therein at all times relevant to this complaint.

1

2.	The defendant Family Fare LLC, hereafter Family Fare, d/b/a Forest Hills Foods, is a corporation that did business in the County of Kent, State of Michigan, at all times relevant to this complaint, and it still does.

3.	The defendant, Karen Key, is a white woman who was employed by the defendant Family Fare at the time of the incident described in the complaint.

4.	The incident described in the complaint occurred in Ada Township, in the County of Kent, on December 20, 2024.

5.	This action arises, in part, under 42 U.S.C. § 1981.

6.	Jurisdiction is based under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

## **COMMON ALLEGATIONS**

7.	The plaintiff restates and realleges as though fully set forth herein paragraphs 1-6 of this complaint.

8.	On December 20, 2024 at around 6:00 a.m., Ms. Strand left work and entered the defendant's store in Ada to buy some groceries, thereby entering into a contractual relationship covered by 42 U.S.C. § 1981.

9.	Ms. Strand went to the register, paid for her groceries at the self-checkout area, and proceeded to double-bag her groceries.

10.	The defendant Karen Key watched Ms. Strand check out her groceries, pay for them, double bag them, and put her receipt in one of her bags.

11.	The defendant Karen Key nonetheless demanded that Ms. Strand show her her receipt, despite not demanding that of the white customers there, because of her racial animus and bias towards Ms. Strand.

12.	Ms. Strand asked Ms. Key why she needed to do that, asserting to her that she had watched her both pay for her groceries and put her receipt in her bag.

13. Ms. Strand also told Ms. Key that she did not want to dig out her receipt.

14. Ms. Key then grabbed Ms. Strand by one of her wrists with both hands, placed one of her feet against one of Ms. Strand's feet, and then began pulling hard on Ms. Strand, because of her racial animus and bias towards Ms. Strand.

15. Ms. Strand told Ms. Key that she had no right to touch her or hit her.

16. Ms. Strand tried to break away from the battery committed by Ms. Key.

17. A male employee of Family Fare then pulled Ms. Key away from Ms. Strand.

18. Ms. Key gave Ms. Strand a disdainful look and laughed at her.

19. The male employee also demanded to see Ms. Strand's receipt.

20. Ms. Strand then reluctantly showed the male employee her receipt, and he acknowledged to her that she had paid for everything.

21. Ms. Key then falsely told a cashier that she acted as she had towards Ms. Strand because, "that black bitch had me cornered."

22. As a result of the incident described above, Ms. Strand suffered back pain, a need for physical therapy, emotional distress, humiliation, insult, embarrassment, a loss of enjoyment of life, and other damages.

## COUNT I – 42 U.S.C. § 1981

23. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-22 of this complaint.

24. The defendants, by intentionally watching Ms. Strand with deep suspicions and then grabbing her, pulling her, and detaining her for no reason whatsoever simply because she is of African descent and was shopping in a store in a mostly white community, denied Ms. Strand the equal enjoyment of her shopping experience at a place of public accommodation relative to

the white people who were shopping in the defendant's store, because of their racial animus and bias towards Ms. Strand.

27. The defendants violated Ms. Strand's right to contract without discrimination, and they therefore violated 42 U.S.C. § 1981.

26. As a result of the violations set forth above, Ms. Strand has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendants for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney fees under 42 U.S.C. § 1988, and any other relief this court deems fair and just.

## COUNT II – VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT - PUBLIC ACCOMMODATIONS

27. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-26 of this complaint.

28. The defendants' conduct violated Ms. Strand's right to equal public accommodations on the grounds of race, contrary to the equal public accommodations section of the Elliott-Larsen Civil Rights Act, MCL 37.2302 et seq.

29. As a result of the violations set forth above, Ms. Strand has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendants for whatever amount is sufficient to compensate her for her injuries and damages past and future plus all recoverable interest, costs, attorney fees, and any other relief this court deems fair and just.

## COUNT III – DEFAMATION AND FALSE LIGHT INVASION OF PRIVACY

30. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-29 of this complaint.

31. By stating publicly "That black bitch had me cornered," the defendants defamed Ms. Stand by implying falsely that she had engaged in criminal or threatening behavior.

32. The defendants also portrayed Ms. Strand in a false light publicly as a criminal.

33. As a result of these violations Ms. Strand suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendants for whatever amount is sufficient to compensate her for her injuries and damages past and future plus all recoverable interest, costs, attorney fees, and any other relief this court deems fair and just.

## COUNT IV – ASSAULT AND BATTERY

34. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-33 of this complaint.

35. The conduct of the defendant of grabbing and pulling Ms. Strand constitutes an assault and battery.

36. As a result of this unlawful conduct, Ms. Strand suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendants for whatever amount is sufficient to compensate her for her injuries and damages past and future plus all recoverable interest, costs, attorney fees, and any other relief this court deems fair and just.

Dated: June 30, 2025

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By:  */s/ William F. Piper*
William F. Piper (P38636)
BUSINESS ADDRESS:
9848 Portage Rd.
Portage, Michigan 49002
Phone: 269.321.5008
Fax: 269.321.5009