UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CHRISTINA STRAND, an individual,

    Plaintiff,

v

FAMILY FARE, LLC d/b/a FOREST HILLS FOODS, a corporation, and KAREN KEY, an individual

    Defendants.

Case No. 1:25-cv-00733

HON. JANE M. BECKERING

| | |
|---|---|
| William F. Piper (P38636)<br>WILLIAM F. PIPER, PLC.<br>9848 Portage Rd.<br>Portage, Michigan 49002<br>269.321.5008<br>wpiper@wpiperlaw.com<br>legal@wpiperlaw.com<br>*Attorneys for Plaintiff* | Andrea J. Bernard (P49209)<br>WARNER NORCROSS + JUDD LLP<br>1500 Warner Building<br>150 Ottawa Ave., NW<br>Grand Rapids, Michigan 49503<br>616.752.2199<br>abernard@wnj.com<br>*Attorneys for Defendant Family Fare LLC*<br><br>Michael L. Zamzow (P77808)<br>ZAMZOW FABIAN PLLC<br>Suite 220<br>300 Ottawa Ave., NW<br>Grand Rapids, Michigan 49503<br>616.965.2621<br>michael@zamzowfabian.com<br>*Attorneys for Defendant Karen Key* |

**STIPULATED PROTECTIVE ORDER**

The parties, Plaintiff Christina Strand ("**Plaintiff**") and Defendants Family Fare, LLC d/b/a Forest Hills Foods ("**Family Fare**") and Karen Key (collectively, "**Defendants**"), stipulate and agree to the following:

1. The parties have been and will continue to be engaged in discovery in this case. In the course of such discovery, Plaintiff has asked Family Fare to produce sensitive and/or confidential documents and information, including without limitation, personnel information. The parties further anticipate that ongoing discovery may result in either party to the case being asked to disclose additional categories of sensitive and/or confidential information. The parties therefore stipulate to the entry of this Protective Order.

2. "Confidential Information" is information which a party, in good faith, regards as confidential, financial and tax, proprietary, trade secret(s), or other sensitive business or personal information and shall include, but not be limited to, personal information regarding Family Fare's current or former employees.

3. A party producing discovery material in this action may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "Confidential" on the document in a manner that will not interfere with the legibility of the document. For electronic files produced in native format, a party may designate such files as confidential by affixing the word "Confidential" on the disk or other storage media containing the electronic files; with respect to any electronic files produced in native format, the "Confidential" designation applies to the file in its entirety, including all content and metadata. Any other material containing confidential information that cannot be labeled as "Confidential" shall be placed in a sealed envelope or other container that is in turn marked "Confidential," or is otherwise designated as "Confidential" in a manner agreed upon by the parties. All materials designated as "Confidential," including but not limited to, any copies, abstracts, digests, notes, and summaries thereof, shall be treated as Confidential under the provisions of this Order.

4. Confidential Information produced in this litigation will be used solely for the preparation, trial, and appeal of this action (including any action to enforce or set aside an award entered herein), and shall not be used for any other purpose, including, but not limited to, the preparation or trial of any other action involving these or other parties. Confidential Information may be disclosed to:

    (a) **Counsel**. Counsel for the parties, and employees and agents of counsel, who have responsibility for the preparation and trial of the action;

    (b) **Parties**. Parties to the action who have agreed to be bound by this Order;

    (c) **Consultants, Investigators and Experts**. Consultants, investigators and experts retained or consulted by a party or counsel to assist in the preparation, trial, and appeal of the action;

    (d) **Witnesses**. Witnesses at, or in preparation for, their testimony in deposition or trial, in which event such witnesses shall only be shown the Confidential Information and shall not be allowed to retain copies;

    (e) **Judicial Officers and Court Personnel**. Judicial officers and personnel of the United States District Court for the Western District of Michigan; and

    (f) **Court Reporters and Recorders**. Stenographic reporters retained by the parties to transcribe depositions or other testimony.

Individuals to whom Confidential Information is shown or disclosed pursuant to the foregoing paragraphs 4(c) and 4(d) shall be advised that the Confidential Information is subject to this Order and may only be disclosed and used under the terms of this Order.

5. Confidential Information may be used during testimony in discovery depositions and at the trial of this action, subject to the Federal Rules of Evidence or applicable rulings of the Court, and may be used by the persons designated in Paragraph 4 to prepare for any trial, hearings, or depositions held in this action, under the terms of this Order. Counsel for the parties will confer at least seven (7) days prior to filing with the Court any motions, briefs, or other Court documents that attach or otherwise incorporate Confidential Information that was disclosed, and labeled as such, by another party. No party may file Confidential Information under seal without permission of the Court pursuant to Local Rule 10.6. Prior to the time of trial in this matter, counsel for the parties will confer with the Court for the purpose of deciding how Confidential Information introduced into evidence will be treated in the Court record, and what protective instructions will be given to the jury regarding the Confidential Information.

6. Any party may, on the record of any deposition or within twenty (20) days after receipt of a copy of the transcript, designate all or any portion of the testimony or any exhibit thereto as Confidential under the terms of this Order, and such testimony or exhibit shall be subject to the terms of this Order as set forth herein. Pending the expiration of such twenty days, deposition transcripts and exhibits shall be treated as Confidential in their entirety in accordance with the provisions of this Order.

7. Whenever a party objects to the designation of discovery material as Confidential, counsel for the objecting party shall so notify counsel for the designating party. Within ten (10) business days of such notification, counsel for the objecting and designating parties shall confer in good faith in an effort to resolve the matter by agreement. If agreement is not reached, the objecting party may apply to the Court for a ruling that such discovery material shall not be so treated, giving notice to the party designating the document. Until this Court enters an order changing the

4

designation, the discovery material shall be treated as Confidential as originally designated in accordance with this Order.

8. This Confidentiality Order shall not limit or affect any disclosure that is required by law, rule, or Order issued or promulgated by this Court. If the receiving party is compelled by any law or order to disclose any Confidential Information in a manner or under terms that would otherwise violate this Order, the receiving party will use all reasonable efforts to notify the disclosing party of the obligation, and will provide this notice sufficiently in advance of the disclosure so that the disclosing party will have a reasonable opportunity to object. Thereafter, the receiving party shall disclose only the particular Confidential Information it is required to disclose.

9. Nothing in this Order shall be intended or construed to limit the manner in which a producing party may use, disclose, store, or otherwise treat its own Confidential Information for purposes unrelated to this litigation.

10. Nothing herein shall be construed to compel a party to produce information that it believes to be irrelevant, objectionable or otherwise not subject to discovery pursuant to the Federal Rules of Civil Procedure.

11. The provisions of this Order shall continue in effect with respect to any Confidential Information unless expressly released by the party who has designated the discovery material as Confidential, and such effectiveness shall survive the entry of a final judgment in this case. Upon the conclusion of this litigation, all Confidential Information, other than such material as has been filed under seal, shall within thirty (30) days either (i) be returned to the producing party, or (ii) at the option of the receiving party, be destroyed and a certificate of destruction shall be forwarded to the producing party; provided, however, that counsel for the parties are permitted to retain in their litigation files copies of briefs, expert reports, and other court submissions, and provided

further that all such documents containing Confidential Information shall continue to be labeled and in perpetuity be treated as "Confidential" in accordance with the terms and conditions of this order. The "Conclusion" of this litigation shall be taken and construed as the date thirty (30) days following entry of a final, non-appealable order disposing of this action. All copies of any materials designated as Confidential that are provided to any expert witnesses must be retrieved by counsel for the party who retained the expert, and those materials must be returned to the producing party or destroyed, as outlined above.

**IT IS SO ORDERED.**


Dated: February 2, 2026               /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge

**STIPULATED:**

/s/ William F. Piper (w/ permission)        /s/ Daniel S. Brookins
William F. Piper (P38636)                   Andrea J. Bernard (P49209)
WILLIAM F. PIPER, PLC.                      Daniel S. Brookins (P86665)
9848 Portage Road                           WARNER NORCROSS + JUDD LLP
Portage, Michigan 49002                     1500 Warner Building
269.321.5008                                150 Ottawa Ave., NW
wpiper@wpiperlaw.com                        Grand Rapids, Michigan 49503
legal@wpiperlaw.com                         616.752.2199
*Attorneys for Plaintiff*                   abernard@wnj.com
                                            dbrookins@wnj.com
                                            *Attorneys for Defendant Family Fare LLC*

                                            /s/ Michael L. Zamzow (w/ permission)
                                            Michael L. Zamzow (P77808)
                                            ZAMZOW FABIAN PLLC
                                            Suite 220
                                            300 Ottawa Ave., NW
                                            Grand Rapids, Michigan 49503
                                            616.965.2621
                                            michael@zamzowfabian.com
                                            *Attorneys for Defendant Karen Key*